**Mike ERCEG, Appellant,**

v.

**FAIRBANKS SCHOOL DISTRICT, Sylvia Ringstad, D. H. Doxey, George Edmondson, and E. M. Hofford, Appellees.**

**No. 15212.**

United States Court of Appeals
Ninth Circuit.
March 27, 1957.

---

Taylor & Taylor, Fairbanks, Alaska, for appellant.

Maurice T. Johnson, Harry O. Arend, Ralph J. Rivers, Fairbanks, Alaska, for appellees.

Before HEALY, BONE and CHAMBERS, Circuit Judges.

HEALY, Circuit Judge.

Appellant brought suit against appellee Fairbanks School District and several individual defendants asking that he be restored to the possession and enjoyment of certain mining claims of which he was the owner, and that he have a money judgment of some $1,070. The School District moved the court for a dismissal upon the ground that the complaint failed to state a claim upon which relief could be granted. The motion was granted, and the action ordered dismissed. Appellant did not seek leave to amend his pleading in any particular. This appeal is from the judgment of dismissal.

The complaint is poorly drafted and difficult to follow or understand. In summary it appears to boil down to the following: Appellant is the owner of certain "undeveloped" patented placer mining claims located within the School District. During each of the years 1949–1953 the District assessed these claims at $100 per acre and levied a one per cent tax thereon. This valuation, it is alleged, was fictitious and in excess of the maximum valuation of $500 per twenty-acre claim or fraction thereof permitted by law. Certain of the claims were sold by the District at public sale to one or another of the individual appellees for nonpayment of the taxes imposed. The pleading asserts that the assessment of the claims was made arbitrarily and capriciously, but it does not state what their true value was. There is no allegation in the pleading that the valuations placed on the property were discriminatory or that they differed from the valuations applied to like mining claims of others located in the District. Nor is there any allegation that the tax sales held by the School District were not conducted in accordance with the law.

The complaint prayed that the assessment of and levy on appellant's property be declared illegal and void; that the tax sales be set aside; that appellant be restored to full possession and enjoyment

of all his claims; and that in addition he have a money judgment against the School District for the amount of $1,-074.49. (This latter would appear to represent a sum allegedly paid the District by appellant under protest in June of 1953.)

In this court appellant's argument is limited to the proposition that § 9 of the Organic Act for Alaska, as amended, 48 U.S.C.A. § 78, and § 3 of the Alaska Property Tax Act, Alaska Session Laws 1949, Chapter 10, placed a ceiling on the District's permissible valuation of placer claims such as his of $500 for each twenty acres or fraction thereof. From this he concludes that the District's valuation of the claims at $100 per acre for taxation purposes was illegal. If this argument fails, appellant's case necessarily falls with it.

Section 9 of the Alaska Organic Act, supra, provides in pertinent part:

"All taxes shall be uniform upon the same class of subjects and shall be levied and collected under general laws, and the assessments shall be according to the true and full value thereof, except that unpatented mining claims and *non-producing patented* mining claims, *which are also unimproved,* may be valued at the price paid the United States therefor, or at a flat rate fixed by the legislature, * * *". [Emphasis supplied.]

In pertinent part, § 3 of the Alaska Property Tax Act, supra, reads as follows:

"Levy of Tax. * * * For the purposes of this section the assessed value of unimproved, unpatented mining claims which are not producing, and *non-producing patented* mining claims *upon which the improvements originally required for patent have become useless through deterioration, removal or otherwise,* is hereby fixed at $500.00 per each 20 acres or fraction of each such claim * * *". [Emphasis supplied.]

We are unable to see how these statutory provisions afford appellant any comfort. His complaint alleged only that his claims "are *undeveloped* patented placer claims." It did not allege that they are "non-producing." Nor is it alleged, as specified in § 9 of the Organic Act, supra, that they are "also unimproved." Nor is it asserted, as specified in § 3 of the Alaska Property Tax Act, supra, that "the improvements originally required for patent have become useless through deterioration, removal or otherwise." In a word, the specific and essential requirements of the two statutes relied upon as placing a ceiling on the District's permissible valuation of appellant's patented placer claims are not met here. We may add that in the context of these two statutes, one would normally think of the patented claims described in them as of the sort whose productivity has been exhausted; whereas he would think of an "undeveloped" claim as one which has not yet been exploited.

These conclusions render unnecessary the consideration of the District's argument predicated on certain other territorial statutes, mainly § 16–1–131 A.C. L.A.1949, which latter we quote on the margin.[1]

1. "Action or proceeding to recover lands sold for taxes: Tender or payment into court of taxes, penalty, interest and costs. In any action, suit, or proceeding for the recovery of lands sold for taxes under the provisions of this act, except the taxes have been paid or the lands redeemed as herein provided, the party claiming to be the owner against the holder of the tax title must with his complaint or answer tender and pay into the court the amount of taxes for the payment of which the lands were sold, and penalty and interest and costs of sale, and interest from the date of sale at the rate of fifteen per cent per annum to the date of the tax deed or certificate and also any taxes the grantee in said tax deed or certificate, or the purchaser, may have paid on said lands, with interest thereon at the rate of twelve per cent per annum from the date of such payment to the date of the filing of his complaint or answer, the said sum

**302**

■ We are troubled by appellant's allegation, heretofore mentioned, to the effect that in June of 1953 he paid the School District a sum of approximately $1,070 under protest, presumably on account of taxes on his placer claims for the years in issue. It would seem that he may be entitled to the return of this money, in whole or in part, unless demand and refusal is requisite before the complaint could state a valid claim.

This aspect of the case is remanded with directions to the trial court to hear and ascertain the facts and to make such order as law and justice may require.

Otherwise the judgment below is affirmed.

to be for the benefit of the holder of the tax title in case the same should fail in such suit, action or proceeding and the court shall not consider any complaint, answer or other pleading until such tender or payment shall have been made." [Emphasis supplied.]